# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **DARREL ARTIS, AKA DARRELL ARTIS**<br>   LA. DOC # 306752<br>VS.<br><br>**WARDEN BURL CAIN** | **CIVIL ACTION NO. 08-1941**<br><br>**SECTION P**<br><br>**JUDGE DOHERTY**<br>**MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Darrel (aka Darrell) Artis, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 10, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. Petitioner attacks his 1991 second degree murder conviction in the Thirty-Third Judicial District Court, Allen Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was convicted of second degree murder on November 20, 1991. On some unspecified date the mandatory life sentence was imposed. [rec. doc. 1, ¶ 1-7] On December 9, 1992 his conviction was affirmed in an unpublished opinion of the Third Circuit Court of Appeals. *State of Louisiana v. Darrell Dean Artis*, 610 So.2d 284 (La. App. 3 Cir. 12/9/1992)

(Table). Petitioner did not seek further direct review in the Louisiana Supreme Court. [rec. doc. 1, ¶9(e)]

On some unspecified date petitioner filed a *pro se* application for post-conviction relief in the Thirty-Third Judicial District Court alleging claims of prosecutorial misconduct; a *Brady* claim (see *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (A criminal defendant is denied due process when the State withholds or suppresses material evidence)); a claim of structural error; and ineffective assistance of counsel. [rec. doc. 1, ¶11(a)] On April 20, 2006 his application was denied. [rec. doc. 1-3, p. 7]

On August 4, 2006 he sought writs of review in the Third Circuit Court of Appeals. On October 30, 2006 the Third Circuit denied writs and noted, "The time to seek post-conviction relief has elapsed and Relator fails to allege or prove an exception to the time limitation. La. Code Crim.P. art. 930.8. Therefore, the trial court did not err in denying Relator's application for post-conviction relief." *State of Louisiana v. Darrel Artis*, KH 06-00991 (La. App. 3 Cir. 10/30/2006). [rec. doc. 1, p. 8]

Petitioner then sought review in the Louisiana Supreme Court. On September 21, 2007 the Supreme Court denied writs citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189. See *State of Louisiana ex rel. Darrell D. Artis v. State of Louisiana*, 2006-2876 (La. 9/21/2007), 964 So.2d 327.

Petitioner signed his petition for *habeas corpus* on December 8, 2008 [rec. doc. 1, p. 6]; it was mailed on December 9, 2008 [rec. doc. 1, pp. 9-10] and received and filed on December 10, 2008.

*Law and Analysis*

*1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1] The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[1] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (C) of §2244(d)(1). Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he suggest reliance on "... the date on which the constitutional right asserted was initially recognized by the Supreme Court..." Nor does he imply that the period of limitations should be reckoned from the date upon which he discovered the facts which support his claims as described in subsection (D).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Artis, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.*

Petitioner's conviction was affirmed on December 9, 1992. *State of Louisiana v. Darrell Dean Artis*, 610 So.2d 284 (La. App. 3 Cir. 12/9/1992). Petitioner did not seek further direct review in the Louisiana Supreme Court [rec. doc. 1, ¶9(e)], and therefore his conviction became final for AEDPA purposes when the thirty-day period for seeking further direct review in Louisiana's Supreme Court expired. [See Louisiana Supreme Court Rule X, §5(a) – which provides, "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."] Therefore, his judgment of conviction became final for AEDPA purposes on or about January 9, 1993. Since his judgment of conviction became final before the April 1996 effective date of the AEDPA, he had until April 1997 to file his federal *habeas corpus* petition.

Based on the pleadings and exhibits, it does not appear that petitioner had any post-conviction proceedings pending during that period. He waited until sometime in 2006 to file his

application for post-conviction relief and by that time the AEDPA limitations period had already long expired.

Further, the post-conviction litigation referred to could not serve to toll the limitations period because it was ultimately dismissed as time-barred pursuant to La. C.Cr.P. art. 930.8 (the statute provides a 2-year period of limitations for seeking post-conviction relief in the Louisiana Courts.) See *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), *rehearing denied* (2005) (An untimely state post-conviction petition is not "properly filed," for purpose of statutory tolling provision of the AEDPA limitations period. Time limits, no matter their form, are "filing" conditions. If a state court rejects a *habeas* petitioner's petition as untimely, it is not "properly filed," and the petitioner is therefore not entitled to statutory tolling under § 2244(d)(2).)

In short, petitioner's judgment of conviction became final by the conclusion of the time for seeking direct review at a point in time prior to the effective date of the AEDPA's limitation period. Petitioner did not file his federal *habeas corpus* petition prior to the expiration of the one-year grace period. Nor does it appear that petitioner was otherwise able to rely on the statutory tolling provisions of §2244(d)(2). Therefore, the instant petition is time-barred and dismissal on that basis is appropriate.

### *2. Equitable Tolling*

Petitioner implies that he should be afforded the benefits of equitable tolling because he was mentally incompetent. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). The Court has further recognized that mental incompetency

might be such an exceptional circumstance as to support equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, even if petitioner is afforded the benefit of equitable tolling from the date of his conviction until the date the Louisiana Supreme Court denied writs in September 2007 [see *State of Louisiana ex rel. Darrell D. Artis v. State of Louisiana*, 2006-2876 (La. 9/21/2007), 964 So.2d 327] the instant petition would remain time-barred since petitioner allowed more than a year to elapse between the Supreme Court's writ denial and the date petitioner filed his federal *habeas corpus* petition.

### 3. Conclusion and Recommendation

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1). It is time barred even if petitioner is afforded the benefits of equitable tolling . Dismissal is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on February 2, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)